ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On November 26, 2004, the petitioner, Joseph James McGrath, commenced this writ action against the respondent, the Parma Municipal Court. Mr. McGrath seeks prohibition to dismiss the underlying case, Cityof Parma v. Joseph J. McGrath, Parma Municipal Court Case No. 04TRD00417, for lack of jurisdiction. He also seeks mandamus to compel the Parma Municipal Court to issue findings of fact and conclusions of law to explain its denial of his motion to dismiss the underlying case for lack of a speedy trial. On January 31, 2005, the Parma Municipal Court moved to dismiss his appeal, on the grounds of mootness. Mr. McGrath never filed a brief in opposition. For the following reasons, this court grants the respondent's motion to dismiss and denies the applications for writs of prohibition and mandamus.
 {¶ 2} Mr. McGrath alleges that on January 22, 2004, the Parma Police Department charged him with traffic citations, as well as a felony. He was convicted of the felony charge in the common pleas court and sentenced to one year of incarceration, but the traffic citations remained pending in the underlying case. Since his felony conviction he has been trying to resolve the traffic citations. He moved to dismiss them for lack of a speedy trial, pursuant to R.C. 2945.71, et seq. The Parma Municipal Court denied that motion, but refused to issue findings of fact and conclusions of law, both of which Mr. McGrath maintains he needs in order to appeal that ruling. He also alleges that he moved to dismiss the charges pursuant to R.C. 2941.401, which provides that a person who is in prison with outstanding criminal charges must be brought to trial within 180 days after the person provides the prosecuting attorney and the court with written notice of imprisonment and a request to resolve the charges. If the person properly applies for this relief and the charges are not timely resolved, then the court loses jurisdiction over those charges. The Parma Municipal Court has not brought Mr. McGrath to trial.
 {¶ 3} However, attached to the respondent's motion to dismiss is a certified copy of a journal entry file-stamped on January 21, 2005. The journal entry indicates the court dismissed the charges upon the prosecutor's request to nolle them. This journal entry establishes that the charges have been resolved and that Mr. McGrath's applications for writs of mandamus and prohibition are moot.
 {¶ 4} Accordingly, this court grants the motion to dismiss and denies the applications for writs of mandamus and prohibition. Costs assessed against petitioner. The clerk is directed to serve.
 {¶ 5} upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney, P.J., concurs.
 McMonagle, J., concurs.